UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KIERAN THOMAS SMYTH,

Petitioner,

v.

JEFFERSON B. SESSIONS, et al.,

Respondents.

Case No. 2:18-cv-01716-GMN-PAL

ORDER

Petitioner Kieran Thomas Smyth has submitted what he styled a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 and emergency request for release from detention (docketed as two separate filings at ECF No. 1-1 and ECF No. 2). However, petitioner has failed to file an application to proceed *in forma pauperis* or pay the filing fee. Accordingly, this matter has not been properly commenced. 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. The court further notes that it has reviewed the petition, and it appears that it might also be subject to dismissal for lack of jurisdiction.

According to the allegations of the petition, Smyth is in the custody of the Bureau of Immigration and Customs Enforcement (ICE) at Nevada Southern Detention Center in Pahrump, Nevada (ECF No. 1-1). While ICE has authority to detain an "alien" who is in removal proceedings under the Immigration and Nationality Act, Smyth claims that he is entitled to immediate release because he is a United States citizen "by operation of law." He alleges, without elaboration, that he has "exhausted any and all administrative

1

remedies to the extent required by law." It is unclear from the petition whether Smyth is the subject of a final order of removal. *See id.* at 4 (referring to withholding of removal).

Pursuant to the REAL ID Act, 8 U.S.C. § 1252(a)(5) and (b), a federal district court does not have jurisdiction over a habeas petition seeking to challenge a removal order. *See, e.g., Flores-Torres v. Mukasey*, 548 F.3d 708, 710-11 (9th Cir. 2008); *Iasu v. Smith*, 511 F.3d 881 (9th Cir. 2007). The exclusive method for obtaining judicial review of a final order of removal—including a challenge based on a nationality claim—is through filing a petition for review in the court of appeals. *Id*; 8 U.S.C. § 1252(b). Because petitioner filed the present petition after the May 11, 2005, effective date of the above-cited jurisdictional provision, dismissal of the petition rather than transfer to the court of appeals is required where jurisdiction in the district court is absent. *E.g., Iasu*, 511 F.3d at 884 & 893.

In contrast, if a petitioner does not challenge any final order of removal, but instead challenges his *detention* prior to the issuance of any final order of removal based on a non-frivolous citizenship claim, a federal district court has jurisdiction to hear that challenge to his detention. *Flores-Torres*, 548 F.3d at 711-713 (holding that habeas jurisdiction existed to review a challenge to immigration detention based on the detainee's argument that he was actually a United States citizen and therefore could not properly be held in custody under 8 U.S.C. § 1226(a), which applies only to "alien[s]").

Here, this matter is dismissed without prejudice as improperly commenced. If Smyth wishes to pursue a petition in this court, he must file an application to proceed *in forma pauperis* or pay the $5.00 filing fee in a new case with a new case number. He

2

should also submit a petition that sets forth specific allegations regarding any removal proceedings against him and the basis for his citizenship claim.

**IT IS THEREFORE ORDERED** that the Clerk SHALL DETACH and FILE the petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to the filing of a new petition in a new action with a properly completed application form to proceed *in forma pauperis* or the filing fee.

**IT IS FURTHER ORDERED** that petitioner's emergency motion for release (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as reasonable jurists would not find the court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

**IT IS FURTHER ORDERED** that the Clerk SHALL SEND petitioner two copies of an application form to proceed *in forma pauperis* for incarcerated persons with instructions and a copy of the papers that he submitted in this action.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED: 23 October 2018.

_____
GLORIA M. NAVARRO, CHIEF JUDGE,
UNITED STATES DISTRICT COURT